UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SANDERS,<br><br>                Plaintiff,<br><br>    v.<br><br>LES SCHWAB TIRE CENTER OF<br>CALIFORNIA; ROE CORPORATIONS,<br><br>                Defendants. | 2:08-cv-02112-GEB-DAD<br><br>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE; FED. R. CIV.<br>P. 4(m) NOTICE |

        The September 9, 2008, Order Setting Status (Pretrial Scheduling) Conference ("September 9 Order") scheduled a status conference in this case for December 22, 2008, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed.

        Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on January 19, 2009, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is

1

requested on the OSC.[1]  If a hearing is requested, it will be held on February 2, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the September 9 Order, a status report shall be filed no later than fourteen days prior to the status conference.

Further, if service of process has not been completed on or before January 5, 2009, Plaintiff shall show cause in a filing due on January 6, 2009, why this action should not be dismissed for failure to serve any then unserved Defendant within Rule 4(m)'s 120-day time service period.

IT IS SO ORDERED.

Dated: December 18, 2008

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).